UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
Case No.   3:20-cv-04422-MGL-SVH

| | | |
|---|---|---|
| Juanita Ball, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SSC Sumter East Operating Company | ) | |
| LLC  d/b/a  Sumter East Health and | ) | |
| Rehabilitation Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action is brought to remedy discrimination on the basis of race and retaliation within the terms, conditions and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

This Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous business activity in this district; is subject to personal jurisdiction in this district; and, because all of the acts underlying this lawsuit occurred in this district.

The Plaintiff would show unto this Honorable Court as follows:

1.      Plaintiff is an African American female citizen of the United States and a resident of Sumter, South Carolina.

1

2.     Plaintiff is informed and believes that Defendant, SSC Sumter East Operating Company LLC, (hereinafter "SSC"), is a corporation formed in Delaware and operating a Sava Senior Care center named Sumter East Health and Rehabilitation Center located in Sumter South Carolina.

3.     Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b).

4.     The EEOC issued Plaintiff a Notice of Right to Sue dated September 23, 2020, regarding Plaintiff's EEOC Charge #14C-2019-00485 against Defendant.

5.     Plaintiff has complied fully with all prerequisites to jurisdiction in this Court and brings this action within ninety (90) days of the receipt of the notice.

6.     Plaintiff  was employed by SSC working at  Sumter East Health and Rehabilitation Center from May 9, 2016 to January 9, 2019, most recently as a Unit Manager.

7.     Plaintiff filed a Charge of Discrimination against Defendant claiming discrimination based on race and retaliation, because within the course of her employment, Plaintiff was treated differently on the basis of race and in retaliation all within the terms, privileges, and conditions of employment in ways which include but are not limited to the following:

    A.     Plaintiff was subjected to harassment and disparate treatment from approximately November 2017 through January 2019.

    B.     Plaintiff's supervisors treated her in an antagonistic manner and denied her assistance, while white coworkers were treated in a respectful and helpful manner.

    C.     Plaintiff's supervisors allocated her more work than white employees and required her to do the work of white coworkers.

D.  Plaintiff's supervisors delegated work tasks and  prepared work schedules and call assignments in an inequitable manner. White employees received preferential treatment and were shown favoritism.

E.  Plaintiff complained about the disparate treatment and Defendant took no action to correct the discriminatory conduct.

F.  After Plaintiff made complaints, Defendant terminated Plaintiff for insubordination  without sufficient proof to support Defendant's allegation of Plaintiff's alleged misconduct.

8.  Defendants knew or should have known of the unequal treatment toward Plaintiff, the discriminatory treatment toward Plaintiff and the retaliatory treatment toward Plaintiff, as she made complaints to Defendant before termination and no action was taken to ensure a non discriminatory work environment.

9.  Defendant's adverse employment actions, to include hostile work environment, termination and discrimination and retaliation, were all done in a malicious and intentional manner and with reckless indifference to Plaintiff's job status or financial status or potential advancement and retirement contribution opportunities.

10.   Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

11.  Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff.

12.  As a result of the acts of discrimination and retaliation within Defendant's employment practices and work environment, Plaintiff has suffered loss of

3

employment position, compensatory damage, emotional harm, as well as harm to her reputation.

### COUNT I
### (TITLE VII VIOLATION)

13.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint.

14.    Plaintiff, an African American female employee of Defendant, was performing satisfactorily as a unit manager.

15.    Defendant subjected Plaintiff to disparate treatment and retaliation when (1) the terms and conditions of her employment were made more difficult than the terms and conditions of the employment of white employees of Defendant, and (2) she was terminated after complaining about unequal treatment.

16.    The foregoing actions of Defendant and its representatives discriminated against Plaintiff on the basis of race and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

17.    As a result of the acts of discrimination and retaliation within Defendant's employment practices and work environment, Plaintiff has suffered loss of employment position, compensatory damage, emotional harm, as well as harm to her reputation.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.    Award Plaintiff costs of this action, together with reasonable attorney's fees as provided under 42, U.S.C. §2000e-5(k);

B.     Direct Defendant to pay to Plaintiff compensatory damages; damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable in the amount to be determined by a jury;

C.     Award Plaintiff, reinstatement, back pay, and other compensatory and punitive damages in an amount to be determined by a jury;

D.     Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:_____s/ Pheobe A. Clark_____

**Pheobe A. Clark**, Federal ID No.  9888
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
December 22, 2020                     Fax:  (843) 669-5150